```
Priority    ✓
Send        ✓
Enter       ✓
Closed      ✓
JS-5/JS-6   ✓
JS-2/JS-3   ___
Scan Only   ___
```



FILED
CLERK, U.S. DISTRICT COURT

JAN 14 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| LUIE ALEJANDRO QUEZADA,<br><br>        Petitioner,<br><br>v.<br><br>DEBRA DEXTER, Warden (A),<br><br>        Respondent. | CV 07-5238-SJO (SH)1<br><br>ORDER ADOPTING THE AMENDED REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. Section 636(b)(1)(C), the Court has reviewed the Petition, all of the records and files herein and the attached Amended Report and Recommendation of the United States Magistrate Judge, and has made a <u>de novo</u> determination of the Amended Report and Recommendation. The Court concurs with and adopts the conclusions of the Magistrate Judge.

IT IS ORDERED that the Petition filed herein is dismissed with prejudice.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Amended Report and Recommendation and the Judgment herein by the United States mail on petitioner and counsel for respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: 1/13/08

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE



FILED
CLERK, U.S. DISTRICT COURT
DEC 3 2007
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| LUIE ALEJANDRO QUEZADA, | No. CV 07-5238-SJO (SH) |
| Petitioner, | AMENDED REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| v. | |
| DEBRA DEXTER, Warden (A), | |
| Respondent. | |

This Amended Report and Recommendation is submitted to the Honorable S. James Otero, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 01-13 of the United States District Court for the Central District of California. For the reasons stated below, this action should be dismissed with prejudice.

## I. PROCEEDINGS

Petitioner, a prisoner in the custody of the California Department of Corrections,

1

challenges his convictions in California Superior Court, Los Angeles County (Case No. PA024791).

On August 13, 2007, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). In the Petition, petitioner alleges the following claims: (1) Petitioner's sentence must be reversed and remanded for a possible jury retrial of the facts purportedly justifying that sentence, because of error under <u>Blakely v. Washington</u>, 524 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); (2) The trial court erred in making an implicit finding that petitioner "personally inflicted" serious injury by relying solely on inadmissible hearsay contained in a police report that was not part of the "record of conviction," in violation of petitioner's federal and state rights to due process; (3) Petitioner's 1988 juvenile adjudications do not qualify as prior strike convictions; and (4) Petitioner received ineffective assistance of counsel based on his appellate counsel's failures to raise on appeal the second claim alleged in the Petition herein and to file a timely Petition for Review with the California Supreme Court. (Petition at 5-6, 16-41).

Respondent filed an Answer to the Petition on September 4, 2007 and a Return to the Petition ("Return") on October 4, 2007.[1] In the Return, respondent contends that the Petition should be dismissed because it is barred by the one-year statute of limitations. (<u>See</u> Return at 3-11).

Petitioner failed to file a timely Reply to the Return.

The Court issued a Report and Recommendation on November 5, 2007. After receiving an extension of time to file a single Reply and Objections to the Report and Recommendation, petitioner filed a Reply to the Return ("Objections") on November 30, 2007.

This Amended Report and Recommendation now issues.

///

---

[1] Respondent filed an Amended Declaration of Service of the Return on October 12, 2007.

2

## II. PROCEDURAL HISTORY

On July 25, 2002, a Los Angeles Superior Court jury found petitioner guilty of one count of assault with force likely to produce great bodily injury (Count 1), five counts of assault with a firearm (Counts 2-6), and one count of shooting at an occupied motor vehicle (Count 7). In addition, the jury found true the special allegations that in the commission of the assault with force likely to produce great bodily injury petitioner inflicted great bodily injury upon the victim, and that in the commission of the assaults with a firearm petitioner personally used a firearm, i.e., handgun. On October 1, 2002, after the trial court found true the special allegation that petitioner had suffered a prior serious or violent felony, the trial court sentenced petitioner to state prison for a total of 21 years. (See Respondent's Notice of Lodging ["Lodgment"] No. 1).

Petitioner appealed his sentence to the California Court of Appeal, wherein he solely alleged the same claim as the third claim alleged in the Petition herein. (See Lodgment No. 2). In an unpublished Opinion issued on September 23, 2003, the California Court of Appeal affirmed the Judgment. (See Lodgment No. 4).

On November 19, 2003, petitioner (through counsel) submitted a Petition for Review (solely alleging the same claim as third claim alleged in the Petition herein) and an application for relief from default to the California Supreme Court. On November 21, 2003, the California Supreme Court denied the application for relief from default and "directed that the petition for review be returned for the reason that it would not grant the permission necessary to allow the untimely filing." (See Lodgment Nos. 5 and 6; Petition at 3).

On August 16, 2004, petitioner (through counsel) filed a petition for writ of habeas corpus herein (CV 04-06830-DT (SH)), wherein he solely alleged the same claim as the third claim alleged in the Petition herein. On August 19, 2004, the district court dismissed that habeas petition without prejudice based on petitioner's failure to exhaust

his state remedies.[2]

On December 14, 2004, petitioner (through counsel) filed a petition for writ of habeas corpus with the Los Angeles Superior Court, solely alleging the same claim as the first claim alleged in the Petition herein. (See Lodgment No. 9).[3] On December 15, 2004, the Los Angeles Superior Court denied that habeas petition. (See Lodgment No. 10).

On August 8, 2006, petitioner filed a petition for writ of habeas corpus with the California Court of Appeal, wherein he solely alleged the same claim as the first claim alleged in the Petition herein. (See Lodgment No. 11). On August 21, 2006, the California Court of Appeal summarily denied that habeas petition without citation of authority. (See Lodgment No. 12).

On December 28, 2006, petitioner filed a petition for writ of habeas corpus with the California Supreme Court, alleging the same claims as the claims alleged in the Petition herein. (See Lodgment No. 13). On June 13, 2007, the California Supreme Court summarily denied that habeas petition without citation of authority. (See Lodgment No. 14).

On August 8, 2007, petitioner signed the instant Petition, which was lodged herein on August 10, 2007 and filed herein on August 13, 2007.[4]

---

[2] In a footnote, the Order stated that, "This dismissal does not relieve petitioner from complying with the statutory deadline set forth in 28 U.S.C. §2244(d), . . ., with respect to any future habeas petitions filed in this Court."

[3] Pursuant to the "mailbox" rule, this Court utilizes the date on which petitioner, appearing in pro per, provided prison authorities with the document as the filing date. See Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); Patterson v. Stewart, 251 F.3d 1243, 1245 n.2 (9th Cir. 2001); Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001).
However, petitioner is not entitled to the "mailbox rule" since he filed his Superior Court habeas petition with the assistance of counsel. See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

[4] "Under the 'prison mailbox rule' of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), a prisoner's federal habeas petition is deemed filed when he hands it over to prison authorities for mailing to the district court." Huizar v.
(continued...)

## A. ABSENT GROUNDS TO EITHER DELAY THE RUNNING OF OR EQUITABLY TOLL THE STATUTE OF LIMITATIONS, THE PETITION IS UNTIMELY

Federal habeas corpus relief is governed by statute and codified in Title 28, United States Code at Sections 2241-2255. In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. <u>Williams v. Taylor</u>, 529 U.S. 362, 404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). One such revision amended 28 U.S.C. § 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief.[5]

A state prisoner with a conviction finalized after April 24, 1996, such as petitioner, must seek federal habeas relief "within one year of the date his process of direct review came to an end." <u>Calderon v. United States District Court (Beeler)</u>, 128 F.3d 1283, 1286 (9th Cir. 1997), <u>overruled in part on other grounds</u> by <u>Calderon v.

---

[4] (...continued)
<u>Carey</u>, 273 F.3d 1220, 1222 (9th Cir. 2001).

[5] 28 U.S.C. § 2244(d)(1)-(2) provides as follows:
"(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

5

United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998)(en banc).

Here, since petitioner did not ever file a petition for review in the California Supreme Court, petitioner's process of direct review came to an end when the California Court of Appeal denied his appeal.[6] Petitioner's conviction became final on November 2, 2003, 40 days after the California Court of Appeal denied his appeal on September 23, 2003. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002); Cal. Rules of Court, Rule 24(a); former Cal. Rules of Court, Rule 28(b). The one-year limitations period therefore began to run against petitioner on November 2, 2003. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, petitioner had until November 2, 2004, to timely seek federal habeas relief.

While petitioner's earlier federal habeas petition was filed prior to the expiration of the statute of limitations, that habeas petition was dismissed without prejudice to refiling after exhaustion of state remedies. Petitioner is not entitled to any statutory tolling during the pendency of that habeas petition (from August 16, 2004 to August 19, 2004). See Duncan v Walker, 533 U.S. 167, 181-82, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001)("We hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition.").

Petitioner filed his state habeas petitions after the one-year statute of limitations expired. (See Lodgment Nos. 9, 11 and 13). Thus, petitioner's state habeas petitions did not statutorily toll the limitations period. See 28 U.S.C. § 2244(d)(2); Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) (28 U.S.C. § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition as filed."), cert. denied, 540 U.S. 924 (2003).

---

[6] Petitioner's failure to petition the California Supreme Court for review of his convictions precluded him from applying to the United States Supreme Court for a writ of certiorari. See 28 U.S.C. § 1257.

Petitioner did not submit the instant Petition for filing until August 8, 2007, more than 33 months after the statute of limitations expired.

### B. PETITIONER HAS NOT ALLEGED GROUNDS FOR EITHER DELAYING OR EQUITABLY TOLLING THE STATUTE OF LIMITATIONS

Under 28 U.S.C. § 2244(d), the statute of limitations begins to run the later of four possible dates. 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner contends, that as a result of his counsel's misconduct in withholding and/or refusing to provide petitioner with the trial transcripts containing "counsel's unreasonable performance of allowing the police report as evidence", the statute of limitations did not begin to run until July 2006 (when petitioner received the trial transcripts from his counsel). Petitioner claims that, with respect to the second claim alleged in the Petition herein, July 2006 was "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" within the meaning of 28 U.S.C. § 2244(d)(1)(D). (See Petition at 14-15; Objections at 10-13). However, it appears to the Court that the factual predicate of the second claim alleged in the Petition herein could have been discovered earlier had due diligence been exercised. See United States v. Battles, 362 F.3d 1195, 1198 (9th Cir.)("Surely due diligence requires that [the defendant] at least consult his own memory of the trial proceedings. His decision not to do so does not bespeak due diligence."); Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001)(stating that the statute of limitations begins to run when the prisoner knows, or through diligence could discover, the important facts, not when the prisoner recognizes their legal significance). Moreover, petitioner's statutory tolling contention is not applicable to the first, third and fourth claims alleged in the Petition herein.[7] Consequently, contrary to petitioner's

---

[7] The Court notes that petitioner does not even allege that he is entitled to statutory tolling for the attempted filing of his Petition for Review with the California
(continued...)

7

1  assertion, the statute of limitations began to run on November 2, 2003.

2  Moreover, the Ninth Circuit has recognized the availability of equitable tolling to the one-year statute of limitations in situations where "<u>extraordinary circumstances</u> beyond a prisoner's control make it <u>impossible</u> to file a petition on time." Beeler, supra, 128 F.3d at 1289 (9th Cir. 1997) (emphasis added)(citations omitted). The words "extraordinary" and "impossible" suggest the limited availability of this doctrine. To date, the Ninth Circuit has found very few circumstances which warrant equitable tolling.[8] The lack of precedent finding circumstances worthy of equitable tolling suggests not only the scarce applicability of the doctrine, but also that the circumstances must truly rise to the occasion of being "extraordinary" and petitioner must be able to demonstrate that filing a timely petition was not possible.

---

[7] (...continued) Supreme Court. Since petitioner's Petition for Review was returned based on his failure to submit it in a timely manner (see Lodgment No. 6), it was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). See Artuz v. Bennett, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000)("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" including "the form of the document" and "the time limits upon its delivery[.]").

[8] See e.g., Jefferson v. Budge, 419 F.3d 1013, 1014, 1017 (9th Cir. 2005)(petitioner entitled to equitable tolling because district court dismissed mixed petition without first giving petitioner choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims, but assumes "ordinary diligence" on the petitioner's part); Spitsyn v. Moore, 345 F.3d 796, 800-02, (9th Cir. 2003)(although in a non-capital case an attorney's negligence usually will not justify equitable tolling, equitable tolling available where the attorney does nothing, is completely unresponsive, and fails to return the petitioner's file until after the statute of limitations had run); Smith v. Ratelle, 323 F.3d 813, 819 (9th Cir. 2003)(petitioner entitled to equitable tolling because district court erroneously dismissed his earlier, timely petition without first giving him an opportunity to file an amended petition as an alternative to dismissal for failure to exhaust state remedies as to all claims); Corjasso v. Ayers, 278 F.3d 874, 877-79 (9th Cir. 2002)(equitable tolling warranted where district court mishandles a petition [dismissal on a technicality and losing the body of the petition] causing it to be untimely); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)(equitable tolling available where petitioner turned petition over to prison officials before the statutory deadline but a delay in mailing caused petition to be untimely); Beeler, supra, 128 F.3d at 1289 (equitable tolling available in situation where petitioner's lead counsel withdraws, and replacement counsel needs time to become familiar with case); Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (equitable tolling available in light of petitioner's possible mental incompetence), cert. denied, 526 U.S. 1060 (1999).

Here, petitioner contends that he is entitled to equitable tolling based on his counsel's "egregious misconduct" in filing, on August 16, 2004, a federal habeas petition containing an unexhausted claim, after the California Supreme Court had denied petitioner's application for relief from default on November 21, 2003 (almost ten months earlier) (see Lodgment No. 6), and in failing to file a state habeas petition prior to the expiration of the statute of limitations (on November 2, 2004), even though counsel had been notified about the statute of limitations in the August 19, 2004 Order dismissing the federal habeas petition (see Lodgment No. 8). (See Petition at 12-13; Objections at 3-8). However, equitable tolling is not warranted based on petitioner's attorney's negligence. See Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003)("We have not applied equitable tolling in non-capital cases where attorney negligence has caused the filing of a petition to be untimely."); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001)("We conclude that . . . [petitioner's counsel's] negligence in general do[es] not constitute extraordinary circumstances sufficient to warrant equitable tolling."), cert. denied, 535 U.S. 1055 (2002). Although petitioner's counsel did not file a state habeas petition prior to the expiration of the statute of limitations, petitioner's counsel did not completely fail to prepare a state habeas petition (see Objections, Exhibit A; Lodgment No. 9), and there is no indication that prior to the expiration of the statute of limitations petitioner (and/or his family) contacted petitioner's counsel seeking action. Compare Spitsyn v. Moore, supra, 345 F.3d at 801.

Petitioner also contends that he is entitled to equitable tolling based on his counsel's "egregious misconduct" in failing to provide petitioner with his legal papers for almost two years (until July 2006, after the statute of limitations had expired). (See Petition at 14; Objections at 9-10). Petitioner has failed to allege how his counsel's alleged actions prevented petitioner from filing a timely federal petition. Although petitioner claims he needed his legal papers in order to raise the second claim alleged in the Petition herein (see Petition at 14-15), petitioner does not claim that he needed those papers to raise the other claims alleged in the Petition herein. Moreover, petitioner has

failed to allege for how long his counsel failed to provide him with his legal papers, and what steps he took to obtain his legal papers. Petitioner has not asserted that or provided competent evidence showing that he requested his legal papers from his counsel prior to November 2, 2004 (the date on which petitioner's counsel sent petitioner a copy of petitioner's unfiled Superior Court habeas petition, see Objections, Exhibit A[9]) or prior to December 14, 2004 (the date on which petitioner's Superior Court habeas petition was filed, see Lodgment No. 9).[10] Therefore, petitioner has failed to allege circumstances beyond his control that made it impossible for him to file a timely federal habeas petition. See Pace v. Diguglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)(a petitioner seeking equitable tolling bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

Because petitioner has not alleged grounds to statutorily or equitably toll the statute of limitations, this Court finds that the Petition is untimely and therefore should be dismissed.

///
///
///
///
///
///
///

---

[9] On November 2, 2004, a representative of petitioner's counsel wrote petitioner a letter, stating: "I am enclosing a copy of the Petition for Writt (sic), sorry it took so long."

[10] Although petitioner's parent asked petitioner's counsel several times in writing about the status of petitioner's appeal/case (see Objections, Exhibits B [letter dated December 13, 2005), C [letter dated April 4, 2006], E [letter dated April 14, 2006], and F [undated letter]), petitioner apparently did not request his legal papers from his counsel until June 21, 2006 (see Objections, Exhibit F).

## III. RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the district court issue an Order: (1) approving and adopting this Amended Report and Recommendation; and (2) directing that Judgment be entered dismissing the action with prejudice.

DATED: 12-3-07

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file Objections as provided in the Local Rules Governing the Duties of the Magistrate Judges and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.